UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AL LAJOHN ROSS                                                         CIVIL ACTION

VERSUS                                                                    NO. 16-8061

EDDIE FANNIN                                                      SECTION: "H"(3)

**REPORT AND RECOMMENDATION**

In November of 2015, plaintiff, Al LaJohn Ross, filed this *pro se* complaint in the United States District Court for the Western District of Louisiana. Bringing suit under 42 U.S.C. § 1983, he claims that his rights were violated by his parole officer, Eddie Fannin.[1]

On May 31, 2016, the case was transferred to this Court.[2] On June 7, 2016, the undersigned United States Magistrate Judge then granted plaintiff permission to proceed in this matter as a pauper, and summons was issued to plaintiff to effect service on Fannin.[3]

On October 12, 2016, the undersigned issued an order notifying plaintiff that there was no proof in the record that Fannin had been served. Accordingly, the Court ordered plaintiff to file into the record proof that Fannin has been served or to show good cause for failing to effect service on or before November 14, 2016. Plaintiff was warned that failure to comply with the order would result in the issuance of a recommendation that plaintiff's claims against Fannin be dismissed without prejudice pursuant to Rule 4(m).[4] After that deadline expired, plaintiff asked the Court for an extension of time.[5] The Court granted that request and extended the deadline to January 3,

---

[1] Plaintiff also listed "Supervisz of Mr. Eddie Fannin" as a defendant. Rec. Doc. 1, p. 3. However, that defendant has never been properly identified.
[2] Rec. Doc. 6.
[3] Rec. Doc. 8.
[4] Rec. Doc. 10.
[5] Rec. Doc. 12.

2017. However, plaintiff was again warned that failure to comply with the order would result in the issuance of a recommendation that plaintiff's claims against Fannin be dismissed without prejudice pursuant to Rule 4(m).[6] That extended deadline has now also expired, and plaintiff still has neither filed proof of service into the record nor responded to the Court's order in any manner whatsoever. Accordingly, the undersigned now recommends that this matter be dismissed.

Rule 4(m) provides that a plaintiff must effect service on a defendant within a specified time. Prior to December 1, 2015, service was to be effected within 120 days; however, as of that date, the period was shortened to 90 days. If service is not effected in a timely manner, the Court, after notice to the plaintiff, must dismiss the action without prejudice or order that service be effected within a specified time. If a plaintiff shows good cause for failing to effect service, the Court must extend the time for service for an appropriate period of time. See Fed.R.Civ.P. 4(m).

As noted, on June 7, 2016, plaintiff was granted permission to proceed in this matter as a pauper, and summons was issued to him to effect service on Fannin. More than seven months have elapsed since that time and there is still no proof in the record that Fannin has been served. The Court has twice notified plaintiff that service must be effected and given him a deadline to either to file proof of service or show good cause for failing to effect service. He has done neither. In light of that fact, dismissal is appropriate under Rule 4(m) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

---

[6] Rec. Doc. 13.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eleventh day of January, 2017.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**